Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
555 Capitol Mall Suite 750
Sacramento, CA 95814-4508
Phone: (916) 333-2222
Email: legal@rickmorin.net

Attorney for Defendants Lynne S. Tilsen and Anne En-Yi Wu

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT DYTCH,<br><br>          Plaintiff,<br>vs.<br><br>ANTICA RESTAURANTS, LLC dba DOPO, et al.;<br><br>          Defendants. | Case No. 3:20-cv-06004-SK<br><br>**FIRST AMENDED ANSWER OF DEFENDANTS LYNNE S. TILSEN AND ANNE EN-YI WU TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

LYNNE S. TILSEN AND ANNE EN-YI WU ("Defendants") jointly answer the complaint of ALBERT DYTCH ("Plaintiff") as follows:

Defendants generally and specifically deny any allegations of the Complaint not specifically admitted herein.

## SUMMARY

1. Defendants contend that Paragraph 1 of the Complaint contains conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendants generally and specifically deny each and every allegation contained therein.

2. Defendants contend that Paragraph 2 of the Complaint contains conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendants generally and specifically deny each and every allegation contained therein.

//

## JURISDICTION

3. Defendants deny the allegations in Paragraph 3 of the Complaint.

4. Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Defendants deny the allegations in Paragraph 5 of the Complaint.

## VENUE

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

## PARTIES

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Defendants are without knowledge or information sufficient to admit or deny the facts in Paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9. Defendants deny the allegations in Paragraph 9 of the Complaint. The Dopo Restaurant is permanently closed to the public and no longer a functioning business.

10. Defendants are without knowledge or information sufficient to admit or deny the facts in Paragraph 10 of the Complaint.

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint. Defendants are informed and believe, and on that basis allege, that if Plaintiff actually visited the subject location, Plaintiff did so for the sole purpose of establishing the pretext to file this lawsuit.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants are without knowledge or information sufficient to admit or deny the facts in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint. Defendants are informed and believe, and on that basis allege, that if Plaintiff actually visited the subject location, Plaintiff did so for the sole purpose of establishing the pretext to file this lawsuit.

## FIRST CLAIM

16. Answering Paragraph 16 of the Complaint, Defendants incorporate by reference their responses contained in all prior paragraphs of this answer, as though fully restated herein.

17. Defendants contend that Paragraph 17 of the Complaint contains conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendant generally and specifically deny each and every allegation contained therein.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants contend that Paragraph 19 of the Complaint contains conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendant generally and specifically deny each and every allegation contained therein.

20. Defendants contend that Paragraph 20 of the Complaint contains conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendant generally and specifically deny each and every allegation contained therein.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants are without knowledge or information sufficient to admit or deny the facts in Paragraph 23 of the Complaint.

24. Defendants contend that Paragraph 24 of the Complaint contains conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendant generally and specifically deny each and every allegation contained therein.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants are without knowledge or information sufficient to admit or deny the facts in Paragraph 26 of the Complaint.

27. Defendants contend that Paragraph 27 of the Complaint contains conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendant generally and specifically deny each and every allegation contained therein.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants contend that Paragraph 29 of the Complaint contains conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendant generally and specifically deny each and every allegation contained therein.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

## SECOND CLAIM

34. Answering Paragraph 34 of the Complaint, Defendants incorporate by reference their responses contained in all prior paragraphs of this answer, as though fully restated herein.

35. Defendants contend that Paragraph 35 of the Complaint contains conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendant generally and specifically deny each and every allegation contained therein.

36. Defendants contend that Paragraph 36 of the Complaint contains conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendant generally and specifically deny each and every allegation contained therein.

37. Defendants contend that Paragraph 37 of the Complaint contains conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendant generally and specifically deny each and every allegation contained therein.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

## THIRD CLAIM

42. Answering Paragraph 42 of the Complaint, Defendants incorporate by reference their responses contained in all prior paragraphs of this answer, as though fully restated herein.

43. Defendants contend that Paragraph 43 of the Complaint contains conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendant generally and specifically deny each and every allegation contained therein.

44. Defendants contend that Paragraph 44 of the Complaint contains conclusions of law and not averments of fact to which an answer may be required, but insofar as an answer may be deemed required, Defendant generally and specifically deny each and every allegation contained therein.

45. Defendants are without knowledge or information sufficient to admit or deny the facts in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

Defendants contend that any statutory penalties sought by Plaintiff under California law are not available and/or subject to a statutory reduction pursuant to California Civil Code section 55.56.

### SECOND AFFIRMATIVE DEFENSE

Defendants contend that Plaintiff faces no threat of future irreparable harm because: 1) Plaintiff has no genuine intent to actually return to the property and 2) the Dopo Restaurant is permanently closed and no longer open to the public; therefore, injunctive relief is not available.

### THIRD AFFIRMATIVE DEFENSE

Defendants contend that Plaintiff did not actually encounter any barrier to access that unreasonably interfered with Plaintiff's use and enjoyment of the property.

### FOURTH AFFIRMATIVE DEFENSE

Defendants contend that it is not readily achievable to remove the barriers Plaintiff complains of in the Complaint.

### PRAYER

**WHEREFORE**, Defendants pray for judgment as follows:

1. Plaintiff's action be dismissed in its entirety;
2. Plaintiff's claim for injunctive relief be denied;
3. Plaintiff takes nothing by way of the Complaint;
4. Defendants be awarded their cost of suit, including reasonable attorney's fees; and
5. For other such relief as the Court deems just and proper.

//
//
//

Dated: October 7, 2020                                  Law Office of Rick Morin, PC

*/s/ Rick M*

_____
By: Richard Morin
Attorney for Defendants Lynne S. Tilsen
and Anne En-Yi Wu

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial for all claims for which a jury is permitted.

Dated: October 7, 2020                                  Law Office of Rick Morin, PC

*/s/ Rick M*

_____
By: Richard Morin
Attorney for Defendants Lynne S. Tilsen
and Anne En-Yi Wu